101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Paul Anthony WALTERS & Patrick Walters, also known as
Infinite, Isaac Lanier, also known as El-Bar,
Defendants-Appellants.
Samar DPHREPAULEZZ, Gina Walters, Maurice King, also known
as Balik, Karen Blackmon, Shawn Hood, also known as Freedom
Free, Jose Martinez, Cassandra Bonner, Deborah Waldemar,
Larry Scales, also known as Sincere, William Eaddy, also
known as Messiah, Avis Walters & Genevieve Walters, Defendants.
 Nos. 94-1282L, 94-1283CON, 94-1446.
 United States Court of Appeals, Second Circuit.
 May 22, 1996.
 
 FOR APPELLANT: Edward S. Zas, Associate Appellate Counsel, Legal Aid Society, New York, NY.
 FOR APPELLEE: Donald T. Kinsella, A.U.S.A., N.D.N.Y., Albany, NY.
 N.D.N.Y.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before McLAUGHLIN and CABRANES, C.J.J., and POLLACK, D.J.*
 PER CURIAM
 On remand from the Supreme Court of the United States, following an appeal from the United States District Court for the Northern District of New York (McAvoy, J.), affirmance of that court's judgment by summary order, and a petition for certiorari to the Supreme Court of the United States.
 
 
 1
 This cause came on to be heard on remand from the Supreme Court of the United States and was submitted on letter briefs.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for resentencing.
 
 
 3
 Defendant-Appellant Isaac Lanier pled guilty in the United States District Court for the Northern District of New York to: (i) conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; (ii) use or possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (iii) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He also agreed to forfeit property related to his crimes, pursuant to 21 U.S.C. § 853. Lanier appealed from his judgment of conviction, arguing, among other things, that he did not "use or possess" a firearm in relation to a drug trafficking offense within the meaning of 18 U.S.C. § 924(c). We affirmed the judgment of conviction by summary order entered May 8, 1995. Specifically, we held that in light of existing precedent in this Circuit, the presence of a loaded .45 caliber handgun in close proximity to several thousand dollars in alleged drug proceeds, coupled with Lanier's involvement in cocaine distribution, sufficed to sustain Lanier's plea on the § 924(c) count.
 
 
 4
 Lanier petitioned the Supreme Court for certiorari. While his petition was pending, the Court decided Bailey v. United States, 116 S.Ct. 501 (1995), where it held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Id. at 509. The Supreme Court then granted certiorari in this case, vacated our judgment, and remanded for reconsideration in light of Bailey. See Lanier v. United States, 116 S.Ct. 667 (1995). We solicited letter briefs from the parties.
 
 
 5
 In its letter brief, the government concedes that Bailey requires us to vacate Lanier's § 924(c) conviction, but requests that we remand the case for resentencing on the remaining counts, including the possibility of a sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug trafficking offense. Although "the Government's concession that the section 924(c) conviction should be vacated does not automatically govern an appellate court's disposition of an appeal," United States v. Vasquez, Nos. 94-1433(L), 94-1469, slip op. at 2 (2d Cir. May 22, 1996), the facts of this case convince us that the conviction should be vacated.
 
 
 6
 At the plea allocution, the government stated that, with respect to the § 924(c) count, it could have proven that:
 
 
 7
 On the day of his arrest, Mr. Lanier had at his home where he had seven or $8000 cash--I don't recall which, but a large quantity of cash--had a loaded .45 caliber revolver that he kept there for his personal safety and for protecting, obviously, the money that he had.
 
 
 8
 The government, however, presented no evidence indicating "that the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, 116 S.Ct. at 509. Rather, the government offered to prove only that Lanier possessed the gun, and kept it in close proximity to his drug money. Moreover, the Court in Bailey explicitly stated that "inert presence of a firearm" near drugs or drug proceeds does not constitute "active employment." Id. at 505.
 
 
 9
 We also agree with the government that a remand for consideration of resentencing on the remaining counts is appropriate. See Vasquez, slip op. at 5; United States v. Bermudez, Nos. 94-1031, 94-1032, 1996 WL 221417, at * 2-3 (2d Cir. May 2, 1996).
 
 
 10
 Accordingly, Lanier's conviction on the § 924(c) count is VACATED, his conviction on the remaining counts is AFFIRMED, and the case is REMANDED for resentencing.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation